WATKINS, Judge.
This comes before us on a motion filed by The Bank of New Orleans and Trust Company to dismiss an appeal for mootness. We find the matter to be moot, and dismiss the appeal.
To give a somewhat simplified history of the case, Donald G. Lambert and Sharon W. Lambert filed a petition in a lawsuit decided in Jefferson Parish (Suit No. 184-822 in the Twenty-Fourth Judicial District Court, Parish of Jefferson) to set aside a sheriff’s sale ordered in that case, and which said sheriff’s sale had taken place in St. Tammany Parish. Plaintiffs filed a notice of lis pendens in St. Tammany Parish. The Bank of New Orleans, Maryland Casualty Company, Hibernia National Bank in New Orleans, and George A. Broom, sheriff of St. Tammany Parish, filed declinatory exceptions to the venue of the court, and the case was ordered transferred to the Twenty-Second Judicial District Court for St. Tammany Parish. After the case was transferred (it was assigned Suit No. 59,856 in St. Tammany Parish) the trial court sustained peremptory exceptions of no cause or right of action, filed by The Bank of New Orleans, the Hibernia, and Maryland Casualty, and ordered the notice of lis pendens can-celled and erased from the public records, the date of said judgment on the peremptory exceptions being October 2, 1980. From the judgment, the Lamberts took a devolu-tive appeal, which is pending, but not presently under consideration.
In the meanwhile, on April 2, 1980, The Bank of New Orleans, the Hibernia, and Maryland Casualty had filed this suit in St. Tammany Parish seeking a writ of mandamus directing Lucy Reid Rausch, Clerk of Court, to erase the said notice of lis pendens (Suit No. 59,577 in St. Tammany Parish). Defendants in this suit in addition to the Clerk of Court were the same Mr. and Mrs. Lambert. The writ of mandamus was made peremptory and the notice of lis pen-dens was ordered erased by judgment dated May 20, 1980. From that judgment the Lamberts took a suspensive appeal, as to which the present motion to dismiss for mootness is filed.
As the sole issue before this court in the appeal of the mandamus proceeding (Suit No. 59,577 in St. Tammany Parish) is the correctness of the judgment ordering the erasure of the notice of lis pendens, and as the said notice of lis pendens was subsequently ordered erased by judgment rendered in Suit No. 59,856 in St. Tammany, from which judgment only a devolutive appeal was taken, the issue of erasure in the mandamus proceedings now on appeal is rendered moot. The motion to dismiss on grounds of mootness is, therefore, granted.
Costs of this appeal are assessed against Donald G. Lambert and Sharon W. Lambert.
MOTION TO DISMISS GRANTED.