WATKINS, Judge.
This matter is before us on motions filed by appellees, Maryland Casualty Company, the Bank of New Orleans and Trust Company (BNO), and Hibernia National Bank to dismiss the appeal of Lambert Brothers Construction Company, Inc., for mootness. We have previously considered virtually the same issue in a recently decided case. See Maryland Casualty Company v. Rausch, 401 So.2d 374 (La.App. 1st Cir., 1981). As in the previous case, we find this action to be moot and, accordingly, dismiss the appeal.
Briefly, the facts pertinent to the issue of mootness are as follows: Lambert Brothers Construction Company, Inc. filed a suit (Civil Suit No. 59,935, Twenty-Second Judicial District Court, Parish of St. Tammany) seeking to set aside a sheriff’s sale which had resulted from a judgment in another suit.[1] This sheriff’s sale took place in St. Tammany Parish. With reference to its suit to set aside the sheriff’s sale, Lambert Brothers Construction Company, Inc. filed a notice of lis pendens in the public records of St. Tammany Parish against the property that was the subject of the sheriff’s sale.
In response to the filing of the notice of lis pendens in Suit No. 59,935, plaintiffs in *377 the instant case, Maryland Casualty Company, BNO and Hibernia National Bank, brought the instant suit seeking a writ of mandamus ordering the Clerk of Court of St. Tammany Parish, Lucy Reid Rausch, to cancel the lis pendens from the public records. While the instant suit was filed in the same court as the suit to set aside the sheriff’s sale, it was assigned to a different judge. After a hearing on the merits of the instant case, the trial court rendered judgment granting the writ of mandamus ordering the cancellation of the lis pendens. Judgment was signed on August 27, 1980, and a devolutive appeal was granted to Lambert Brothers Construction Company, Inc. on September 25, 1980. The appeal was lodged with this court on November 25, 1980.
In the meantime, plaintiffs in the instant action filed exceptions of no cause of action to the suit brought by Lambert Brothers Construction Company, Inc. to set aside the sheriff’s sale. (A hearing was set on the exceptions for September 8, 1980, but the parties stipulated the exceptions would be submitted on briefs.) On January 9, 1981, after lodging of the record in the instant case, the court rendered judgment sustaining the exceptions of no cause of action. The court dismissed the suit (No. 59,935) to set aside the sheriff’s sale and ordered the cancellation of the lis pendens, which plaintiffs seek to have erased in the present case. Judgment was signed January 28,1981, and notice of judgment was mailed on February 2, 1981. The delays for appealing that judgment lapsed on April 10, 1981. See LSA-C.C.P. art. 2087. On April 13, 1981, plaintiffs filed the motion to dismiss the present appeal, which is the matter now before this court.
The gist of plaintiffs’ allegation of mootness in the instant case is that the suit (No. 59,935) to set aside the sheriff’s sale, which is the basis of the notice of lis pendens sought to be erased by plaintiffs herein, has been dismissed and is now a final judgment. Moreover, plaintiffs point out, the notice of lis pendens was ordered erased in that judgment. Therefore, plaintiffs contend that the suit to set aside the sheriff’s sale can no longer serve as the basis for a notice of lis pendens.
The sole issue before this court is the correctness of the trial court issuing the writ of mandamus and ordering the erasure of the notice of lis pendens. Since, in a judgment that is now final, that same notice has been ordered erased and the suit (No. 59,935) which serves as the basis of notice has been dismissed, the present appeal is now moot. Accordingly, the motions to dismiss the appeal for mootness are granted.
Costs of this appeal are assessed against appellant.
MOTIONS TO DISMISS GRANTED.

. Civil Suit No. 184-822 in the Twenty-Fourth Judicial District Court, Jefferson Parish. Subsequent to the sheriffs sale, in this same proceeding, Donald G. Lambert and Sharon W. Lambert filed a petition to set aside the said sheriffs sale of the subject property located in St. Tammany Parish and caused a notice of lis pendens to be filed in St. Tammany Parish. This suit was later transferred to the Twenty-Second Judicial District, St. Tammany Parish, where it was assigned Suit No. 59,856. This suit is now pending in the First Circuit, Court of Appeal (Docket No. 14,416) on devolutive appeal.
To summarize: Two suits seeking to set aside the same sheriffs sale were filed, and in each of these suits a notice of lis pendens was filed. Suit No. 59,856 was filed by Donald G. Lambert and Sharon W. Lambert, and Suit No. 59,935 was filed by Lambert Brothers Construction Company, Inc. Two mandamus proceedings seeking erasure of the notices of lis pendens were filed. The mandamus proceeding seeking erasure of the notice of lis pendens in Suit No. 59,856 was considered by this Court in Docket No. 14,026 on April 13, 1981, La. App., 401 So.2d 374, as stated. The instant case is the mandamus proceeding seeking erasure of the notice of lis pendens in Suit No. 59,935.